PER CURIAM.
The appellant was one of several defendants in an action which was brought by the Executors of the Estate of Arthur Vining *475 Davis, deceased, to foreclose a purchase money lien against one million shares of Riddle Airlines common stock. The relief sought against the appellant was the foreclosure of any interest that he might have in the shares by virtue of an option to purchase a portion of the stock from the purchaser.
The appellant counterclaimed against the Estate. This appeal is from an order entered upon the plaintiff’s, Estate’s, motion for summary judgment. The order dismissed the counterclaim upon the ground that it did not state a cause of action.
We hold that the counterclaim was properly dismissed, and adopt the opinion of the chancellor which is as follows:
“1. Arthur Vining Davis died testate on .November 17, 1962 and the Estate of said Arthur Vining Davis, Deceased, is now 'being probated in the County Judges Court in and for Dade County, Florida, Probate No. 57797-A; and Nathanael Davis, W. E. ’Dunwody, Jr. and The First National Bank •of Miami, a national banking corporation, •are the duly appointed, qualified and acting Executors of the Estate of Arthur Vining Davis, Deceased.
“2. On September 27, 1963, the Executors of the Estate of Arthur Vining Davis, Deceased, filed a complaint in the above -styled cause against the defendants, Robert M. Hewitt, William R. Price and James B. Franklin, as Voting Trustee. The complaint seeks foreclosure of a lien against 1,000,000 shares of the common stock of 'Riddle Airlines, Inc. registered in the name -of Robert M. Hewitt and pledged by him as collateral security for the payment of a principal indebtedness of $166,666.67, plus interest, created under and pursuant to a certain promissory note made by the defendant, Robert M. Hewitt and delivered to the late Mr. Davis. Robert M. Hewitt had purchased these shares of stock from the late Arthur Vining Davis on or about April 20,1960 and at all times material hereto the shares were registered in the name of Robert M. Hewitt.
“3. The defendant, William R. Price, was made a party defendant to this foreclosure action in accordance with an allegation that he may have or claim to have some interest or claim in the 1,000,000 shares of the common stock of Riddle Airlines, Inc. evidenced by certificate No. 77448, or a part thereof, by virtue of an option or right to purchase between the defendant, Robert M. Hewitt, and said William R. Price, which claim was inferior and subordinate to the lien of the Estate of Arthur Vining Davis.
“4. The defendant, William R. Price, filed his answer herein and also included therein a Counterclaim against the Executors of the Estate of Arthur Vining Davis, Deceased, seeking to recover of and from the Executors the sum of $33,333.33 and demanding judgment against them in that amount, plus interest and costs. By order entered May 18, 1964, the Counterclaim of William R. Price was dismissed with leave of said William R. Price to file an Amended Counterclaim. Thereafter the defendant, William R. Price, filed an Amended Counterclaim wherein and whereby he claimed that the late Arthur Vining Davis, on or about April 20, 1960, entered into an agreement whereby he sold to the defendant, Robert M. Hewitt, the 1,000,000 shares of the common stock of Riddle Airlines, Inc. upon which the Executors of the Estate of Arthur Vining Davis, Deceased, claimed a lien. He further alleged that simultaneously with this sale, and with the knowledge and consent of the late Arthur Vining Davis, the defendant, William R. Price, and the defendant, Robert M. Hewitt, entered into an agreement whereby the defendant, William R. Price, was given an option to purchase 333,333 of the 1,000,000 shares of Riddle Airlines, Inc. stock, and in the Amended Counterclaim the counterplaintiff, William R. Price, sought not only the $33,333.33 but sought a determination that he be adjudged to be a beneficial owner of certain of the stock as against the Estate of Arthur Vining Davis, Deceased.
*476 “5. The sufficiency of the Amended Counterclaim of William R. Price was not tested, and in their reply, the Executors of the Estate of Arthur Vining Davis, Deceased, denied the material allegations of the Amended Counterclaim and plead as affirmative defenses the failure of the counterclaim to state a cause of action and the bar of Section 733.16 and/or 733.18, Florida Statutes [F.S.A.].
“6. In his discovery deposition, William R. Price controverted the material allegations of his Amended Counterclaim. Therein he testified that at the time the 1,000,000 shares of stock were sold by the late Mr. Davis to the defendant, Robert M. Hewitt, on or about April 20, 1960, he had no interest in the stock and that his claimed option, if any, arose as a result of an agreement allegedly made between the defendant, William R. Price, and the defendant, Robert M. Hewitt, on or about December 19, 1962. This was an agreement between William R. Price and Robert M. Hewitt and was after the death of Arthur Vining Davis. Further, this alleged agreement was made by William R. Price with the defendant, Robert M. Hewitt, with the full knowledge that the 1,000,000 shares in question had been pledged to the late Arthur Vining Davis as collateral security for an obligation and that the 1,000,000 shares was to have been treated as a single unit to secure the indebtedness, and that there would be no partial releases of any of the shares of stock until the payment of the entire debt, which has not been paid. Having controverted the material allegations of his Amended Counterclaim at his deposition, counsel for William R. Price conceded that paragraphs 4 and 5 of the Amended Counterclaim of William R. Price were in error.
“7. It further appears that there is no dispute as to any of the facts set forth in the third defense of the reply filed on behalf of the Executors of the Estate of Arthur Vining Davis, Deceased, in that in the County Judges Court, In Re: The Estate of Arthur Vining Davis, Probate No. 57797-A, Notice to Creditors, as required by Chapter 733, Florida Statutes [F.S.A.], was first published on November 27, 1962 and Proof of Publication of Notice to Creditors was duly filed in the County Judges Court on December 18, 1962. The counter-plaintiff, William R. Price, did not file a claim of any nature whatsoever In Re: The Estate of Arthur Vining Davis, Deceased, in the County Judges Court in and for Dade County, Florida, Probate No. 57797-A, within the time prescribed by Chapter 733, Florida Statutes [F.S.A.], nor did said William R. Price bring appropriate suit, action or proceeding upon any such claim within the time prescribed by Chapter 733, Florida Statutes [F.S.A.].
“In view of the foregoing, it is readily apparent to the Court in the first instance that the counterplaintiff, William R. Price, has no cause of action against the Executors of the Estate of Arthur Vining Davis, Deceased.”
Affirmed.